**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> SHADOW HILLS MASTER ASSOCIATION, ) <br> DOE INDIVIDUALS I-X, inclusive, and ROE ) <br> CORPORATIONS I-X, inclusive, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:15-cv-01320-GMN-PAL <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 9) filed by Defendant Shadow Hills Master Association ("Defendant"), Response to the Motion to Dismiss (ECF No. 11) filed by Plaintiff Nationstar Mortgage LLC ("Plaintiff"), and Defendant's Reply supporting its Motion to Dismiss (ECF No. 12).

**I.    BACKGROUND**

Plaintiff alleges that it is the current beneficiary of the senior deed of trust encumbering the property at 10361 Sloping Hill Avenue, Las Vegas, NV 89129. (Compl. ¶ 5, 13, ECF No. 1).[1] The owner of the property failed to pay homeowners association ("HOA") fees to Defendant, who then began foreclosure proceedings. (*Id.* ¶ 15). Plaintiff claims its effort to pay the super-priority amount of the HOA fees was improperly rejected by Defendant. (*Id.* ¶ 23–25; *see* ECF No. 1-1).

On June 15, 2012, Defendant foreclosed on the property. (Compl. ¶ 26, ECF No. 1). Defendant then bought the property at the foreclosure sale. (*Id.* ¶ 27).

---

[1] Realty Mortgage, LLC originally held the deed of trust after the borrower refinanced the property in 2006. (Compl. ¶ 11, ECF No. 1). The deed of trust was assigned to Deutsche Bank National Trust Company in 2012, and then assigned to Plaintiff on November 18, 2014. (*Id.* ¶ 12–13).

Plaintiff alleges Nevada Revised Statutes Chapter 116 violates their right to procedural due process. (*Id.* ¶ 32–39). Further, Plaintiff claims that the foreclosure was invalid and therefore did not extinguish its deed of trust. (*Id.* ¶ 40–46). Plaintiff asserts the following causes of action: (1) declaratory relief/quiet title, (2) breach of NRS 116.1113, (3) wrongful foreclosure, and (4) injunctive relief. (*Id.* ¶ 28–72).

## II.    LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits motions to dismiss for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).[2] When subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "[t]he party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists"). Accordingly, the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A motion to dismiss under Rule 12(b)(1) may be construed in one of two ways. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979). It may be described as 'facial,' meaning that it attacks the sufficiency of the allegations to support subject matter jurisdiction. *Id.* Alternatively, it may be described as 'factual,' meaning that it "attack[s] the existence of subject matter jurisdiction in fact." *Id.*

---

[2] Although Defendant's Motion to Dismiss provides the legal standard for Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6) failure to state a claim (Mot. to Dismiss 4:19–20, ECF No. 9), the Court will consider it under FRCP Rule 12(b)(1), as Defendant's motion centers on this Court's lack of jurisdiction to hear the case prior to Plaintiff's compliance with Nevada Revised Statute § 38.310. *See Bank of America v. SFR Invs. Pool 1, LLC*, Case No. 2:15–CV–1042–APG, 2015 WL 6163452, at *1 (D.Nev. Oct. 19, 2015); *U.S. Bank Nat. Ass'n v. NV Eagles, LLC*, Case No. 2:15–CV–00786–RCJ, 2015 WL 4475517, at *2 (D.Nev. July 21, 2015).

When, as here, a court considers a 'facial' attack made pursuant to Rule 12(b)(1), it must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff. *Love v. United States,* 915 F.2d 1242, 1245 (9th Cir. 1989).

## III. DISCUSSION

In their motion, Defendants argue that this case should be dismissed because Plaintiff has failed to comply with the mediation requirements of Nevada Revised Statutes § 38.310. (Mot. to Dismiss, 2:17–3:2, ECF No. 9). Subsection 1 provides:

> "No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property ... or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation ..."

Nev. Rev. Stat. § 38.310(1). Subsection (2) continues by stating: "A court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." Nev. Rev. Stat. § 38.310(2). Further, "civil action" is defined as "an action for money damages or equitable relief" excluding actions "relating to the title to residential property." Nev. Rev. State. § 38.300(3).

Defendant contends that Plaintiff's claims against it necessarily involve interpretation of the covenants, conditions, and restrictions ("CC&Rs") applicable to the community where the property is located. (Mot. to Dismiss 3:19–4:6, ECF No. 9). Because Plaintiff's claims allegedly fall under N.R.S. § 38.310, Defendant argues that the Court should dismiss this case to allow the parties to engage in the mandatory alternative dispute resolution under Nevada's statutory scheme. However, Plaintiff asserts that its claims are exempt from N.R.S. § 38.310 because the instant action fits within the exception relating to the title of the property under the applicable civil action definition. (Pl.'s Resp. to Mot. to Dismiss 5:7–6:6, ECF No. 11).

As already explained by two other Judges in the District of Nevada, nothing in N.R.S. § 38.310 indicates that it applies to beneficiaries of deeds of trust. *See Bank of America v. SFR*

*Invs. Pool 1, LLC*, Case No. 2:15–CV–1042–APG, 2015 WL 6163452, at *1 (D.Nev. Oct. 19, 2015); *U.S. Bank Nat. Ass'n v. NV Eagles, LLC*, Case No. 2:15–CV–00786–RCJ, 2015 WL 4475517, at *3 (D.Nev. July 21, 2015). These decisions both examined the statute's legislative history, which clearly targets disputes between an HOA board and the residents of the HOA community. *Bank of America*, Case No. 2:15–CV–1042–APG, 2015 WL 6163452, at *1–2; (citing *U.S. Bank Nat. Ass'n*, Case No. 2:15–CV–00786–RCJ, 2015 WL 4475517, at *3). Similar to these two cases cited above, the true issue here is ultimately: "was [the senior] deed of trust extinguished by the HOA's foreclosure sale?" *Id.* at *2. Plaintiff requests that the Court determine who holds superior title to the land. N.R.S. § 38.300(3) defines civil actions to clearly exclude claims relating to a property's title. Only civil actions fall under the mediation requirement of N.R.S. § 38.310. *See* Nev. Rev. Stat. § 38.310(2). The Nevada Supreme Court further emphasized the title-related exception when it held that a quiet title claim is "exempt from NRS 38.310 . . . [because it] directly relates to an individual's right to possess and use his or her property." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). Accordingly, Defendant's Motion to Dismiss (ECF No. 9) is denied because Plaintiff's claims are exempt from the definition of a civil action, and therefore, excluded from the mediation requirement of N.R.S. § 38.310.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 9) is **DENIED**.

**DATED** this  29    day of December, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge